IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THOMAS ARTHUR WRIGHT,

    Plaintiff,

v.                                           Civil Action No. 5:10CV123
                                                                 (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The plaintiff, Thomas Arthur Wright, filed separate applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. In the applications, the plaintiff alleges disability since April 18, 2007 due to osteoarthritis, detached retina with laser corrective surgery, closed head injury, adjustment disorder with mixed anxiety and depression, elbow bursitis, fractured left femur with open reduction internal fixation and residual hip and leg pain.

The Social Security Administration denied the plaintiff's applications initially and on reconsideration. The plaintiff requested a hearing, and a video hearing was held on February 26, 2009, before Administrative Law Judge ("ALJ") Erin Wirth. The plaintiff, represented by counsel, testified on his own behalf, as did Bonnie S. Martindale, a vocational expert. On August 4, 2009,

the ALJ issued a decision finding that the plaintiff was not disabled. The Appeals Council denied the plaintiff's request for review.

The case was referred to United States Magistrate Judge David J. Joel for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment. On June 9, 2011, the magistrate judge entered a report and recommendation, recommending that the defendant's motion for summary judgment be denied, that the plaintiff's motion for summary judgment be granted in part by reversing the Secretary's decision under sentence four of 42 U.S.C. § 405(g), with remand of the matter to the Secretary for further proceedings consistent with the report and recommendation. The magistrate judge further recommended that on remand the Secretary be directed to clarify his findings as to the plaintiff's residual functional capacity by explaining the weight afforded to the opinion evidence submitted in this case. Upon submitting his report, Magistrate Judge Joel informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen days after being served with a copy of the report. No party filed objections.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). Here, no party filed objections. Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III. Discussion

In his motion for summary judgment, the plaintiff contends that the Commissioner's ruling is without merit and not supported by substantial evidence. Specifically, the plaintiff argues that (1) the Commissioner erred in finding that the plaintiff has the residual functional capacity to perform sedentary work; (2) the Commissioner erred in affording greater weight to the testimony of a consultative examiner; and (3) the Commissioner failed to consider the vocational evaluation of Gerald Wells.

In contrast, the Commissioner contends that: (1) the ALJ included all credible limitations in the residual functional capacity finding; (2) substantial evidence supports the weight given to Dr. Tuwiner's opinion; and (3) the ALJ properly rejected Gerald Wells' vocational opinion.

Magistrate Judge Joel issued a report and recommendation, in which he held that the ALJ failed to explain the weight afforded to the opinions of the plaintiff's treating physicians. The magistrate judge recommends that, on remand, the Secretary be directed to clarify his findings as to the plaintiff's RFC by explaining the weight afforded to the opinion evidence submitted in this case.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

This Court has reviewed the record, as well as the parties' motions for summary judgment, and for the reasons set forth in the report and recommendation, concurs with the magistrate judge that the ALJ failed to support the residual functional capacity assessment with substantial evidence. As discussed by the magistrate judge, the ALJ did not discuss the opinions of Dr. Delanoy and Dr. Draper. This Court is unable to determine the

weight the ALJ assigned to those opinions and the reasons for that weight.  This Court also agrees with the magistrate judge's recommendation that the ALJ consider Dr. Wells' opinion according to the requirements set forth in Social Security Ruling 06-03P and give an indication of the weight afforded to that opinion. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

## IV.  Conclusion

For the reasons set forth above, this Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge.  The defendant's motion for summary judgment is DENIED, and the plaintiff's motion for summary judgment is GRANTED IN PART.  The Secretary's decision under sentence four of 42 U.S.C. § 405(g) is REVERSED and this matter REMANDED to the Secretary for further proceedings to clarify the findings as to the plaintiff's residual functional capacity.  It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:   July 15, 2011

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE